162 P.3d 794

**Richard Earl ROEDER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 30671.

Court of Appeals of Idaho.

June 11, 2007.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Richard Earl Roeder appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## BACKGROUND

Roeder was charged with one count of malicious injury to property and seven counts of aggravated assault for threatening his wife, two stepdaughters, Deputy Ric Stokoe, and Officers Jon Bunderson, Justin Steele, and Ryan Skeers with a butcher knife. Through discovery, Roeder requested the names and addresses of all persons having knowledge of the facts of the case, and statements made to "any official involved in the investigatory process of the case" as well as "all reports or memorandum ... which were made by a police officer or investigator in connection with the investigation or prosecution of the case." In response, the state attached two police reports—one from Officer Skeers and one from Officer Bunderson. Roeder thereafter filed a supplemental discovery request for any reports made by Deputy Gary Etchison, Deputy Mike Haderlie, Steele, and Stokoe. The prosecutor's office responded that all of the police reports had been provided.

Midway through trial, Roeder agreed to plead guilty to three counts of aggravated assault against Deputy Stokoe and Officers Bunderson and Skeers. The state agreed to dismissal of the remaining charges. The district court imposed concurrent ten-year

sentences with five years determinate, suspended the sentences and placed Roeder on probation.

Later, Roeder's wife went to the Caribou County Sheriff's Department and was provided a copy of an "Incident Report," which was not disclosed during discovery. The sheriff's incident report stated:

> Officer's [sic] Anderson and Skeers were dispatched to a domestic at Soda Mobile Homes. Information given was that the wife and children were out of the residence and that the husband was under the influence. Upon arrival, the officers requested back-up as soon as possible. The suspect, Richard Roeder was held [sic] up in his trailer with a knife against his throat, threatening suicide. He had already cut himself in several area's [sic].

> All deputies on duty responded and surrounded the residence. Other responders were Justin Steele, Mark Steele, and Officer Jon Bunderson. The Soda Springs ambulance was contacted to stand-by. During this time, the suspect was taken into custody and the ambulance was sent to the residence to check his wounds.

Unlike the reports made available to Roeder during discovery, the incident report did not indicate that Roeder had threatened to kill his wife, children, and the police officers.

Roeder filed a petition for post-conviction relief alleging: (1) the state violated his due process right by withholding material, exculpatory evidence; (2) the state violated his due process right by using testimony that the prosecutor knew or had reason to know was false; (3) breach of the plea agreement; (4) violation of due process by accepting a guilty plea that lacked a factual basis; (5) violation of the Sixth Amendment right to obtain favorable witnesses; (6) vindictive prosecution; (7) the guilty plea was not voluntarily or intelligently made; and (8) ineffective assistance of counsel. The district court dismissed the petition on its own motion. Roeder filed an Idaho Rule of Civil Procedure 60(b) motion based upon the district court's failure to provide twenty days notice before dismissing the petition. The court vacated its prior order of dismissal and entered a notice of intent to dismiss. Roeder responded by filing a "Post Conviction Relief Petition Amendment" in which he provided further argument in support of his claims. The court summarily dismissed the petition, concluding that all of Roeder's claims, except for the withholding evidence claim, were barred by I.C. § 19–4901(b) because they could have been raised on direct appeal. As for the withholding evidence claim, the district court determined that the sheriff's incident report was neither exculpatory nor material. Roeder appeals.

## II.

### STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). As with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however; an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). An application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under

I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

## III.

## DISCUSSION

Roeder contends that his guilty plea made during trial was invalid because the state withheld evidence that must be disclosed prior to trial and the district court therefore erred by summarily dismissing his petition for post-conviction relief.[1] Under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny, the prosecution is bound to disclose to the defense prior to trial all *material* exculpatory and impeachment evidence known to the state or in its possession, *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375,

3380, 87 L.Ed.2d 481, 490 (1985), so as to promote truth and ensure that only the guilty are convicted. *State v. Gardner,* 126 Idaho 428, 433, 885 P.2d 1144, 1149 (Ct.App. 1994). Thus, "the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense." *Kyles v. Whitley,* 514 U.S. 419, 436–37, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490, 507 (1995); *Dunlap v. State,* 141 Idaho 50, 64, 106 P.3d 376, 390 (2004).

Where there has been a conviction after a trial, a *Brady* violation is found if (1) the undisclosed evidence was favorable to the accused, either because it is exculpatory, or because it is impeaching, (2) the evidence was suppressed by the state, either willfully or inadvertently, and (3) prejudice ensued. *Strickler v. Greene,* 527 U.S. 263, 281–82, 119 S.Ct. 1936, 1948–49, 144 L.Ed.2d 286, 301–02 (1999); *Dunlap,* 141 Idaho at 64, 106 P.3d at 390. However, "the United States Constitution does not require the State to disclose material impeachment information prior to entering a plea agreement with the defendant." *Dunlap,* 141 Idaho at 64, 106 P.3d at 390 (citing *United States v. Ruiz,* 536 U.S. 622, 629, 633, 122 S.Ct. 2450, 2455, 2457, 153 L.Ed.2d 586, 595, 597 (2002)); *see Heartfelt v. State,* 125 Idaho 424, 427–28, 871 P.2d 841, 844–45 (Ct.App.1994) (information that is not exculpatory need not be disclosed prior to guilty plea). The state concedes that the sheriff's incident report in the instant case could have been used for impeachment purposes. But, even assuming the state was required to disclose this evidence, Roeder failed to raise a genuine issue of material fact necessary to prevent summary dismissal.

On a *Brady* challenge to a guilty plea, the test of materiality (*i.e.,* prejudice) is whether there is a reasonable probability that, but for the state's failure to produce the information, the defendant would not have entered the plea but instead would have insisted on going to trial. *Gardner,* 126 Idaho at 436, 885 P.2d at 1152. We employ an objective assessment, based in part on the

---

1. All other issues not raised or argued in the briefs are deemed waived on appeal. *State v.* *Hoisington,* 104 Idaho 153, 159, 657 P.2d 17, 23 (1983).

persuasiveness of the withheld information, as to whether the particular defendant and his counsel would have insisted on going to trial. *Gardner,* 126 Idaho at 436, 885 P.2d at 1152. This inquiry is similar to the prejudice analysis in an ineffective assistance of counsel claim where the defendant's chances of success at trial—in the absence of counsel's errors—"is a *factor* a court may use when determining the plausibility of the defendant's claim that those errors played a significant role in the decision to plead guilty." *See McKeeth v. State,* 140 Idaho 847, 852, 103 P.3d 460, 465 (2004) (emphasis in original); *Gardner,* 126 Idaho at 436 n. 9, 885 P.2d at 1152 n. 9.[2]

To begin, we evaluate whether a reasonable defendant in Roeder's position, after obtaining the withheld information, would be convinced that an acquittal (or a conviction for a lesser offense) was a realistic possibility which ought not be foreclosed by a guilty plea. We do not take into account Roeder's subjective statement that "in all likelihood" he would not have pled guilty had he been given the sheriff's incident report.

The incident report at issue was written by the Sheriff's Department, which was not the investigating agency on the case. And the report was not written by any of the officers responding to the incident. As the district court observed, the sheriff's incident report was "produced by the dispatch officer and can be best described as a dispatcher's log of the event, not an investigative report." The report "does not represent all of what happened" on the date of the incident. The incident report therefore had limited use to impeach Deputy Stokoe, whose initials appear on the report.

Moreover, the sheriff's incident report as impeachment evidence was cumulative. The officers' video of the incident also does not portray Roeder as threatening his wife, his children, or the law enforcement officers. This video was available and could have been used in Roeder's defense at trial. The video evidence, like the sheriff's incident report, does not represent all of what happened the night of the incident. Because the impeachment evidence was of minimal value overall, the chances of Roeder's success at trial cannot be viewed as realistically altered by the sheriff's incident report.

Further, any benefit derived by Roeder from the guilty plea is a significant factor inasmuch as a plea may be heavily motivated by reduced exposure to additional charges and criminal penalties. In exchange for Roeder's guilty plea to three counts of aggravated assault, the state agreed to dismiss the count of malicious injury to property and the four additional counts of aggravated assault against his wife, stepdaughters, and Officer Steele. Such a concession is significant and supports the conclusion that Roeder would have pled guilty even if he had knowledge of the sheriff's incident report.

In light of the evidentiary weakness of the withheld evidence and the significant benefits offered to Roeder in exchange for a guilty plea, we conclude there is no reasonable probability that if the evidence had been disclosed to the defense, Roeder would have insisted on going to trial rather than pleading guilty. Because Roeder did not demonstrate a genuine issue of material fact that the result of the proceeding would have been different, he fails to establish that the district court erred in summarily dismissing his petition.

## IV.

## CONCLUSION

Roeder failed to make a *prima facie* demonstration that he would have insisted on going to trial instead of pleading guilty had the sheriff's incident report not been withheld. The district court's order summarily dismissing Roeder's petition for post-conviction relief is affirmed.

Chief Judge PERRY and Judge LANSING concur.

---

**2.** To prevail on an ineffective assistance of counsel claim, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, he or she would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985).