**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38591**

| | | |
|---|---|---|
| ALBERT R. MOORE, | ) | 2012 Unpublished Opinion No. 637 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 17, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Albert R. Moore, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Albert R. Moore appeals from the district court's judgment dismissing his petition for post-conviction relief. Moore asserts the district court erred because he raised a genuine issue of material fact primarily in regards to various claims of prosecutorial misconduct and ineffective assistance of counsel. Moore also asserts claims relating to violations of his speedy trial rights, vindictive prosecution, double jeopardy, improper jury instructions, false arrest, and other constitutional violations including application of impermissible ex post facto laws. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In September 2006, the State charged Moore, after his arrest, with misdemeanor driving under the influence (DUI). The State later filed an amended complaint enhancing the charge to a felony (the first case) because Moore had two previous convictions for DUI within the previous ten years, occurring in North Dakota in 1999 and in Idaho earlier in 2006. In April 2007, while

1

the first case was pending, police again arrested Moore for DUI, and the State charged Moore with a second felony DUI (the second case). Moore exercised his right to a jury trial in the second case. The trial proceeded in two phases: the first phase related to whether Moore was driving under the influence prior to the time of his arrest; the second phase related to whether there was sufficient evidence of two prior DUI convictions within ten years supporting the felony enhancement. In the first phase of trial, the jury found Moore guilty of DUI. As to the second phase of the trial, Moore argued in a motion in limine prior to trial that the North Dakota conviction could not be used to enhance the Idaho DUI charge to a felony because the North Dakota statute did not substantially conform to Idaho's DUI statute and the North Dakota conviction was constitutionally defective. Moore also objected to the admission of documents pertaining to the North Dakota conviction. The district court denied Moore's motion in limine and overruled his objection to the evidence. The jury thereafter found Moore guilty of the felony enhancement based on the two prior DUI convictions, and in July 2008, the district court entered a judgment of conviction. The first case had been delayed for various reasons. It was not until December 2008, after conviction in the second case, that Moore entered a conditional guilty plea to the first charge of felony DUI, reserving the right to appeal the denial of his motion to dismiss on speedy trial grounds and the issue of whether the North Dakota conviction could be used to enhance the DUI charge to a felony. After conviction in each case, the district court imposed concurrent, unified sentences of six years, with one year determinate. Moore appealed both cases, which the court consolidated for purposes of appeal.

On appeal, this Court concluded the district court was correct in finding the North Dakota statute substantially conformed to Idaho's DUI statute and that the out-of-state conviction was not constitutionally defective. However, we determined the district court erroneously allowed the admission of evidence regarding the prior, out-of-state conviction in the trial of the second case because the documents were not properly authenticated. We vacated that judgment of conviction. We rejected Moore's claims of error in the first case relating to violation of his speedy trial rights, but we remanded the case for determination as to whether Moore was entitled to withdraw his conditional guilty plea because of the vacation of the judgment of conviction in the second case. *See generally State v. Moore*, 148 Idaho 887, 231 P.3d 532 (Ct. App. 2010).

On remand, the district court found Moore's reservations in his guilty plea in the first case did not include evidentiary errors with respect to improperly authenticated documents

2

showing the North Dakota conviction and effectively denied Moore's motion to withdraw his guilty plea.[1] The district court entered an amended judgment of conviction and later entered a second amended judgment of conviction to correct the sentence. Moore appealed from his second amended judgment of conviction and this Court affirmed. *State v. Moore*, 152 Idaho 203, 206, 268 P.3d 471, 474 (Ct. App. 2011).

Moore thereafter filed a petition for post-conviction relief, asserting at least five claims in relation to the second case, in which he went to trial. In his first and second claims, Moore asserted prosecutorial misconduct in that the State secured his conviction through perjury and both the State and the court withheld evidence by not allowing police reports to be submitted to the jury during deliberations. In his third, fourth, and fifth claims, Moore asserted his counsel provided ineffective assistance by failing to obtain a mistrial, failing to obtain an out-of-state court transcript showing his prior conviction was not for DUI, and failing to obtain affidavits proving certain police were not present when Moore was arrested. In relation to the first case, in which Moore pled guilty, Moore claimed the prosecution was vindictive for pursuing the case after the statutory time for a speedy trial had run. Throughout his many filings to the court, however, Moore also argued violations of his speedy trial rights, double jeopardy, improper jury instructions, false arrest, and other constitutional violations.

The district court granted Moore's motion for appointment of counsel. The State then moved for summary dismissal. It argued in support that Moore's petition asserted claims that should have been or were in fact addressed in the criminal case or on appeal, and were, therefore, either waived or barred. The State further asserted that even if not barred, Moore failed to raise any genuine issue of material fact as to any claim. After a hearing, the court granted the State's motion and summarily dismissed the petition. Moore timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like

---

[1] The disposition of the second case upon remand is unclear from the record. The State asserts the charge was reduced to a misdemeanor; the transcript from the post-conviction hearing on the State's motion to dismiss indicates there was a misdemeanor conviction on the second offense, but also indicates there may have been a new trial on a felony charge.

plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

4

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

Claims in a post-conviction petition are also subject to dismissal if they are either barred under principles of res judicata or have been forfeited. Res judicata applies to claims in a post-conviction petition that have been previously addressed on direct appeal. *State v. LePage*, 138 Idaho 803, 811, 69 P.3d 1064, 1072 (Ct. App. 2003). Idaho Code § 19-4901(b) provides, "Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings . . . ." Such an issue may only be considered if the court determines that the asserted basis for relief raises a substantial doubt as to the reliability of the defendant's guilt, and could not, in the exercise of due diligence have been brought earlier. I.C. § 19-4901(b).

## III.

## DISCUSSION

As stated above, Moore asserts numerous claims in his petition for post-conviction relief, including prosecutorial misconduct, ineffective assistance of counsel, violations of his right to a speedy trial, vindictive prosecution, double jeopardy, improper jury instructions, false arrest, and other various grounds. The State responds that Moore has shown no error in the summary dismissal of his petition because all of his claims were forfeited or resolved in the criminal case or on appeal, are without factual basis, or both. We address each claim in turn.

### A. Prosecutorial Misconduct

Moore asserts the prosecution committed misconduct by introducing perjured testimony and withholding evidence. Without objection at trial, a conviction will be reversed for prosecutorial misconduct only if the conduct is sufficiently egregious so as to result in fundamental error. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). Even when prosecutorial misconduct has resulted in fundamental error, the conviction will not be reversed when that error is harmless. *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010). The State may not knowingly use false evidence to obtain a conviction, including false testimony that the prosecution allows to go uncorrected. *Sivak v. State*, 134 Idaho 641, 649, 8 P.3d 636, 644 (2000) (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)). Such nondisclosure of material evidence affecting a witness's credibility, when the reliability of the witness may determine the guilt or innocence of the defendant, justifies a new trial irrespective of the good or bad faith of the prosecution. *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 153-54 (1972)). A stricter materiality standard is used in cases involving the prosecution's knowing use of false testimony

6

than in cases where the prosecution has failed to disclose exculpatory evidence. *Id.* Because a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, the conviction will be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 678 (1985)). Similar to the harmless error analysis of claims of prosecutorial misconduct without objection, perjured testimony will not be considered material if its use was harmless beyond a reasonable doubt. *Id.*

There are numerous defects in Moore's claim of prosecutorial misconduct by use of false testimony. The testimony Moore refers to is that testimony from witnesses indicating that Meridian police were on site when Moore was arrested. Moore asserts the Meridian police were not present and the State had an obligation to correct the false testimony. Though Moore included his own affidavit stating the Meridian police were not present, despite the conflict with testimony of the witnesses, there is nothing more than Moore's bald assertion to support that the witnesses testified falsely. Moore also presented evidence from the Meridian Police Department indicating that the agency has no record of responding to an incident at the location of Moore's arrest on the date that he was arrested. However, that evidence also shows that such record may not be available, even when police did respond to a dispatch, if the police from that agency took no action. By Moore's own assertions, Meridian police did not have jurisdiction in the area where Moore was arrested and he infers it was not the Meridian police who made the arrest. Although Moore concludes the lack of police records necessarily shows the Meridian police were not present, we need not accept Moore's conclusion based on his inferences from the record when it is equally likely that the police were present but took no action--resulting in the lack of police records. Even if we were to conclude the evidence supported a finding that the testimony was in fact false, Moore makes no claim as to the materiality of this evidence. From our review of the record, we find nothing that would make the presence or absence of Meridian police at the scene of Moore's arrest material to Moore's guilt or innocence on the charge of felony DUI. Therefore, Moore fails to raise a genuine issue of material fact.

Next, Moore claims prosecutorial misconduct due to the withholding of evidence by the prosecution and the court. This claim by Moore is based on the fact that documents, particularly police reports, used by a witness to refresh his recollection, were not provided to the jury when

requested during deliberations.  Moore asserts this is both a *Brady*[2] violation, and an arbitrary denial of the right to present evidence to the jury that is material and trustworthy.  He also argues this violated Idaho Rule of Evidence 612(a)-(c) and, overall, resulted in manifest injustice requiring complete reversal of all charges.

Moore misunderstands the nature of a *Brady* violation.  A *Brady* violation occurs where there was evidence favorable to the defendant, either because it is exculpatory or impeaching, the State purposefully or inadvertently suppressed the evidence, and prejudice ensued.  *Roeder v. State*, 144 Idaho 415, 418, 162 P.3d 794, 797 (Ct. App. 2007).  Here, the State did not fail to disclose or suppress the evidence contained within the police report.  Rather, that evidence was brought forward through testimony of the State's witness.  Therefore, there is no basis to assert a *Brady* violation.  This is also not an arbitrary denial of a defendant's right to produce evidence that is material and trustworthy, as again, the evidence was actually presented to the jury through testimony.  Furthermore, by the wording of Idaho Rule of Evidence 612, an adverse party is entitled to have the writing or object used to refresh a witness's memory produced "*at the trial, hearing, or deposition in which the witness is testifying*."  I.R.E. 612(a) and (b).  This rule provides no requirement that the writing or object be produced after testimony or during jury deliberations, and accordingly, we find no violation of the rule.

Though Moore does not assert that the defense requested the police report or portions thereof to be introduced as evidence or that the police report itself was actually admitted, we will assume as much for the sake of argument.  Nevertheless, it is Moore's burden to show that the failure of the district court (or prosecution) to provide the jury evidence, here copies of the police report, during deliberations was prejudicial error.  *State v. Whiteley*, 124 Idaho 261, 269, 858 P.2d 800, 808 (Ct. App. 1993).  Without showing prejudice, any error will be deemed harmless. *Id*.  In *Whiteley*, this Court determined that, unlike a case where evidence was not admitted at all during trial, where there was an absence of a tape player to allow the jury to again listen to evidence it had already heard, we determined the district court did not abuse its discretion and the alleged error was harmless. *Id*. at 270, 858 P.2d 809.  Without additional facts from Moore as to how the failure to produce the police report to the jury actually prejudiced him, we conclude that Moore raises no genuine issue of material facts as to whether the district court abused its discretion in denying the jury copies of that report, where the facts contained within

---

2       *See Brady v. Maryland*, 373 U.S. 83 (1963).

the report had been testified to, and whether the alleged error by the district court was otherwise prejudicial.

## B. Ineffective Assistance of Counsel

Moore asserts his trial counsel provided ineffective assistance by failing to obtain a mistrial; by failing to obtain an out-of-state court transcript showing his prior conviction was not for DUI, but rather for a lesser included offense; and by failing to obtain affidavits proving certain police were not present when Moore was arrested.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Barcella*, 148 Idaho at 477, 224 P.3d at 544. To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Id.* To survive a motion for summary disposition, a post-conviction petitioner must establish a genuine issue of fact as to both deficiency and prejudice. *Pratt v. State*, 134 Idaho 581, 583, 6 P.3d 831, 833 (2000).

As to the issue of a mistrial, Moore makes no assertions as to what trial errors were so egregious as to warrant a mistrial or on what basis counsel was deficient by failing to move for a mistrial. Consequently, Moore raises no issue of material fact as to that ground for relief. Moore's claim that counsel[3] was ineffective by failing to obtain a transcript from the North Dakota court is largely an extension of Moore's assertion that his North Dakota conviction was not substantially conforming to Idaho's DUI statute. He also continues to argue the Idaho felony conviction, based on the unconstitutional North Dakota conviction, cannot stand, and he

---

[3]    It is unclear whether Moore attributes this failure to trial counsel or appellate counsel.

recommends a review of the entire out-of-state transcript to "back [his] accusations up" that the sentence in this case was based on a prior unconstitutional conviction. The substance of this argument rests on Moore's contention that he was convicted in North Dakota of "actual physical control" of a vehicle. Moore contends that "actual physical control" of a vehicle (presumably while under the influence) is a lesser included offense of DUI, and that because he was convicted of "actual physical control," not a DUI, in North Dakota, the North Dakota conviction could not be used to enhance the Idaho DUI charge to a felony. He asserts that had the prosecution or trial counsel properly investigated the North Dakota conviction, his Idaho DUI charge would not have been enhanced to a felony. While Moore now frames these arguments as a claim of ineffective assistance of counsel, both the constitutional and the substantially conforming arguments were addressed at the trial court level and again on direct appeal of Moore's criminal case. In Moore's first criminal appeal, this Court specifically found that his North Dakota conviction was not constitutionally defective and that the North Dakota statute was substantially conforming to Idaho's DUI statute. We also made clear in that opinion that we would not base a conclusion that a foreign statute is substantially conforming on the interpretation of the courts of that state, but rather on the plain language of the statute. *Moore*, 148 Idaho at 898, 231 P.3d at 543. Accordingly, any argument Moore makes now that the North Dakota conviction was for a lesser included offense, rather than DUI, based on North Dakota courts' interpretation of its own DUI statutes, is of no consequence in this action. Additionally, based on the resolution of these issues on direct appeal, Moore raises no genuine issue of material fact because he cannot show any deficiency by counsel in failing to obtain the North Dakota court transcript or any prejudice resulting therefrom. Finally, Moore's claim of ineffective assistance due to counsel's failure to obtain affidavits, proving certain police were not present when Moore was arrested, also lacks any genuine issue of fact because, as noted above, Moore cannot show how this evidence was material, nor has he alleged any prejudice resulting from the allegedly false testimony.

## C.     Other Alleged Grounds for Post-Conviction Relief

Moore asserts violations of his right to a speedy trial, vindictive prosecution, double jeopardy, improper jury instructions, false arrest, and other constitutional violations including application of improper ex post fact laws. We find each of these claims to be without merit. The issue of Moore's right to a speedy trial is barred because it was resolved in prior criminal proceedings and this Court found no violation. *See Moore*, 148 Idaho 887, 213 P.3d 532. This

10

claim also largely forms the basis for Moore's claim of vindictive prosecution; however, as there was no violation of his right to a speedy trial, such an assertion is unsupported by anything in the record. The other basis for Moore's assertion of vindictive prosecution, which is blurred with his claim of being put in double jeopardy, is an alleged violation of Idaho Criminal Rule 48. Idaho Criminal Rule 48 bars prosecution for the same offense after dismissal if it is a misdemeanor, but not if it is a felony. However, the only evidence Moore provides shows an amended complaint enhancing the misdemeanor DUI charge to a felony and a court register of actions indicating a subsequent dismissal of what appears to be that felony DUI charge. There are no court documents showing dismissal of a misdemeanor and subsequent cases brought upon the same conduct. We cannot, therefore, conclude from the record there was any violation of Rule 48, that Moore was twice put in jeopardy for the same conduct, or that the prosecution was vindictive in pursuing charges.

Finally, Moore's claims of false arrest, improper jury instruction, and ex post facto issues are without either legal or factual basis in the record. For example, Moore provides no context as to his asserted "false arrest" except to maintain that he "did not drive" and he makes conflicting statements, sometimes asserting there was no second arrest and in other places in the record asserting that arrest was improper. Moore's jury instructions argument--that the jury was not properly instructed on the elements of the crime or on the previous DUI convictions--stems from Moore's belief that "actual, physical control" is a lesser included offense of DUI in North Dakota. He provides no Idaho legal authority to support this proposition, and again, we reiterate that we will not look to North Dakota courts' interpretations of its DUI statute to determine whether a prior conviction is substantially conforming to Idaho's DUI statute. In his ex post facto challenge, Moore makes no attempt to explain how application of the DUI statute violated the prohibition against ex post facto laws. It may be inferred that Moore's assertion is based on the amendment to the DUI statute changing the felony enhancement from two prior DUIs within five years, to two prior DUIs within ten years. This Court has already clearly determined that application of the amendment does not violate the constitutional provision against ex post facto laws. *State v. Lamb*, 147 Idaho 133, 135-36, 206 P.3d 497, 499-500 (Ct. App. 2009). Moore fails to raise a genuine issue of fact on any of these claims.

11

### III.

### CONCLUSION

We conclude Moore failed to raise any issue of genuine fact in his post-conviction petition, and accordingly, the district court did not err in granting the State's motion for summary dismissal. Therefore, we affirm the judgment dismissing Moore's petition for post-conviction relief.

Chief Judge GRATTON and Judge LANSING **CONCUR.**