IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40469

| HECTOR NAVARRO, | ) | 2014 Unpublished Opinion No. 615 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: July 9, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Judgment denying petition for post-conviction relief, affirmed.

Nevin, Benjamin, McKay & Bartlett; Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

———————————————————

GUTIERREZ, Chief Judge

Hector Navarro appeals from the district court's judgment denying his petition for post-conviction relief. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

In late 1995, a thirteen-year-old cousin of Navarro was pregnant and she accused Navarro of raping her. The State then charged Navarro with lewd conduct with a minor child under sixteen. More than a decade later, an arrest warrant was served on Navarro in Texas. Navarro, who had been convicted of three felonies outside the State of Idaho since the rape allegation, was serving a sentence in Texas and was extradited to Idaho. Navarro entered into a plea agreement in exchange for the State standing silent as to a recommended sentence and the State recommending that the sentence imposed by the court run concurrently with the Texas sentence. At the change-of-plea hearing, Navarro's defense counsel stated the factual basis for the guilty plea: "the alleged victim says that it occurred, and then there was [a] child [born] and DNA

1

testing that's 99.9 percent matched to my client." The trial court accepted the plea and sentenced Navarro to a unified sentence of twenty-five years, with twelve-and-a-half years determinate, to run concurrently with Navarro's Texas sentence. Navarro filed an Idaho Criminal Rule 35 motion, which was denied. Navarro appealed, challenging his sentence and the denial of his Rule 35 motion; we affirmed in *State v. Navarro*, Docket No. 34865 (Ct. App. July 23, 2009).

While Navarro's direct appeal was pending, he filed a pro se petition for post-conviction relief with the district court. The State filed a motion for summary dismissal, and the district court appointed counsel for Navarro. At some point while Navarro was in prison,[1] Navarro learned that the cousin's father (Navarro's uncle) had been accused by the cousin of lewd conduct, resulting in the uncle being charged with lewd conduct for a continuing course of conduct between 1989 and 1996. The charge against the uncle was dismissed, following a preliminary hearing, nine days after it was filed. After Navarro was appointed counsel, Navarro filed an objection to the motion for summary dismissal, contending that the State committed a *Brady*[2] violation by not disclosing the dismissed charge during the discovery process. Navarro also claimed that his defense counsel had provided ineffective assistance of counsel by not discovering the dismissed charge. At a hearing on the motion for summary dismissal, Navarro agreed to withdraw the claims that were originally asserted in his pro se petition for post-conviction relief, and the district court scheduled an evidentiary hearing on the claim of an alleged *Brady* violation and the ineffective assistance of counsel claim. The prosecutor who worked on Navarro's criminal trial in 2007, Navarro's defense counsel, and Navarro himself testified at the evidentiary hearing. Following the evidentiary hearing, the district court denied the petition for post-conviction relief. Navarro appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675,

---

[1]     It is not apparent from the evidentiary hearing transcript whether Navarro learned of the dismissed charge against the uncle before or after Navarro filed his pro se petition for post-conviction relief.

[2]     *Brady v. Maryland*, 373 U.S. 83 (1963).

2

677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

Navarro contends the district court erred by denying his petition for post-conviction relief. Specifically, Navarro asserts that the State committed a *Brady* violation by not disclosing the dismissed criminal lewd conduct charge against the uncle. Concomitantly, Navarro argues that he received ineffective assistance of counsel because defense counsel should have discovered the dismissed criminal charge against the uncle.

A petition for post-conviction relief may assert a *Brady* violation. *See* I.C. § 19-4901(a)(1). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

We start with the prejudice prongs of the alleged *Brady* violation and the ineffective assistance of counsel claim, as we find it unnecessary to address the other elements of each. *See Ridgley v. State*, 148 Idaho 671, 676, 227 P.3d 925, 930 (2010). As we noted in *Roeder v. State*, 144 Idaho 415, 162 P.3d 794 (Ct. App. 2007), the prejudice inquiry for the *Brady* analysis is similar to the prejudice analysis for ineffective assistance of counsel. *Roeder*, 144 Idaho at 419, 162 P.3d at 798. Indeed, in this case, both the prejudice inquiry for the *Brady* analysis and the ineffective assistance of counsel analysis turn on whether Navarro has shown a reasonable probability that, if the dismissed charge against the uncle were known, he would not have pled guilty and would have insisted on going to trial. *Plant*, 143 Idaho at 762, 152 P.3d at 633; *Gardner*, 126 Idaho at 436; 885 P.2d at 1152. Because the prejudice analysis is effectively the same for each claim in this case, we analyze both prongs of prejudice concurrently.

Navarro contends he would have insisted on going to trial if the State had informed him of the dismissed charge. The State notes that the cousin maintained her allegation against Navarro and that there was no explanation of how the dismissed charge would have been admissible at trial. Moreover, Navarro's repeated acknowledgements that he had sex with the cousin, according to the State, factor into our objective analysis. Although Navarro testified at the evidentiary hearing that, had he known of the dismissed charge, he would not have entered a guilty plea and would have gone to trial, we do not consider this subjective statement. *Roeder*, 144 Idaho at 419, 162 P.3d at 798. Rather, we must conduct an objective analysis. *Id.* at 418, 162 P.3d at 797. We may consider the weight of the withheld evidence and the benefits offered to the defendant in the plea agreement. *Id.* at 419, 162 P.3d at 798.

Even though Navarro asserts that he received a limited benefit from the plea agreement, the record reveals otherwise. Any benefit derived by Navarro "is a significant factor inasmuch as a plea may be heavily motivated by reduced exposure to additional charges and criminal penalties." *Id.* at 419, 162 P.3d at 798. The State was permitted to recommend a life sentence for Navarro under Idaho Code § 18-1508. Accordingly, the State's agreement to stand silent as to the length of the sentence is significant. Even more importantly, the State's agreement to recommend that Navarro serve any sentence imposed by the court concurrent with the Texas sentence is significant to determining whether Navarro would have pled guilty. The State could have recommended a sentence consecutive to the Texas sentence, and the court could have exercised its discretion to impose a consecutive sentence. *See State v. Cisneros-Gonzalez*, 141

4

Idaho 494, 496, 112 P.3d 782, 784 (2004) (explaining that a district court has common-law authority to impose a cumulative sentence). The State's offers in the plea agreement support the conclusion that Navarro would have pled guilty even if he had been informed of the dismissed charge.

The evidentiary weight of the dismissed charge is, at best, minimal considering the evidence proffered by Navarro. Even though Navarro claims that "the possibility that Mr. Navarro's uncle fathered the child places significant doubt on the DNA's conclusion of 99.9% [sic] probability of paternity," Navarro provides no evidence to support this statement. The burden is on the petitioner to prove his claims. I.C. § 19-4907; *Stuart*, 118 Idaho at 869, 801 P.2d at 1220; *Baxter*, 149 Idaho at 861, 243 P.3d at 677. Navarro has not done that. Accordingly, the weight of the dismissed charge is minimal as compared to the cousin's continued assertion that Navarro raped her and the results of the DNA test of the cousin's baby.

Objectively considering the benefits offered in the plea agreement and the evidentiary weakness of the dismissed charge as compared to the DNA test, the district court was justified in finding that Navarro has not shown a reasonable probability that, if the dismissed charge had been disclosed to the defense, Navarro would have insisted on going to trial rather than pleading guilty. Therefore, Navarro has not shown prejudice for the alleged *Brady* violation. Moreover, Navarro has not shown prejudice for his claim of ineffective assistance of counsel, because we are not "convince[d] . . . that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). For these reasons, we affirm the judgment of the district court denying Navarro's petition for post-conviction relief.

Judge LANSING and Judge MELANSON **CONCUR.**