IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41614

| DONALD VICTOR BAKER, | ) | 2015 Unpublished Opinion No. 471 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 17, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order of the district court summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Donald Victor Baker, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Donald Victor Baker appeals from the district court's order summarily dismissing his post-conviction petition. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Baker sold methamphetamine to a confidential informant (C.I.) working in cooperation with the Idaho State Police. The transaction was recorded and was also observed by officers. He was charged with trafficking in methamphetamine, Idaho Code § 37-2732B(a)(4). In a separate case, Baker was charged with possession of methamphetamine with the intent to deliver. He was also charged with being a persistent violator in both cases. On the morning his trial on the trafficking charge was to commence, Baker entered into a plea agreement whereby he agreed to plead guilty to the trafficking charge, and the State agreed to dismiss the possession charge and

1

persistent violator enhancements. Additionally, the State was permitted to argue the facts of the dismissed possession charge at sentencing and to seek restitution for the lab and investigative costs associated with the dismissed charge. Finally, the State agreed to recommend no more than a three-year determinate sentence for the trafficking conviction. Baker did not directly appeal his conviction or sentence.

Baker filed a pro se petition for post-conviction relief and later an amended petition, alleging various claims including ineffective assistance of trial counsel and *Brady*[1] violations. The district court denied his motion for appointment of counsel and various requests for discovery. After entering two separate notices of intent to dismiss, the district court granted the State's motion for summary dismissal. Baker now appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and

---

[1]      *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

2

agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925,

929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

As the State points out, Baker does not include the requisite statement of issues on appeal and the issues raised in his appellant's brief are somewhat difficult to ascertain. We agree with the State's summary of the issues:

> [T]he state liberally construes Baker's Appellant's brief as challenging the district court's summary dismissal of the following claims: (1) His trial counsel was ineffective for (a) failing to investigate whether officers could have identified him in the environmental conditions present at the time of his arrest; (b) failing to obtain information that the C.I. who conducted the controlled drug buy had a pending criminal charge and an agreement with the state regarding his participation in Baker's case; (c) failing to challenge the restitution award and (d) coercing him into pleading guilty; and (2) the state committed *Brady* violations by: (a) failing to disclose the original audio recording of the controlled buy and instead disclosing only a redacted version; and (b) failing to disclose that the C.I. had a pending criminal charge and an agreement with the state to participate in Baker's case.

In addition, Baker asserts the district court erred by denying his requests for discovery following the filing of his post-conviction petition.[2]

## A. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho

---

[2]     To the extent Baker includes passing references to other claims, they do not have merit and we do not address them further.

758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

### 1. Failure to investigate

Baker contends his trial counsel rendered ineffective assistance by failing to adequately investigate his case prior to the entry of his guilty plea. Specifically, he contends counsel failed to investigate whether officers, under the conditions present, could have identified Baker as participating in the controlled buy and that counsel failed to obtain information that the C.I. had a pending criminal charge and an agreement with the State regarding his participation in Baker's case.

Counsel in a criminal case has a duty to conduct an adequate investigation. *State v. Mathews*, 133 Idaho 300, 307, 986 P.2d 323, 330 (1999); *Baker v. State*, 142 Idaho 411, 417, 128 P.3d 948, 954 (Ct. App. 2005). In any ineffectiveness case, a decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment. *Strickland*, 466 U.S. at 691; *Baker*, 142 Idaho at 417, 128 P.3d at 954. What investigative decisions are reasonable depends on the defendant's strategic decisions and what information the defendant provides to his or her attorney. *Id.* In addition, to prevail on a claim that counsel's performance was deficient in failing to interview witnesses, a defendant must establish that the inadequacies complained of would have made a difference in the outcome. *Gee v. State*, 117 Idaho 107, 111, 785 P.2d 671, 675 (Ct. App. 1990). It is not sufficient merely to allege that counsel may have discovered a weakness in the State's case. *Id.* We will not second-guess trial counsel in the particularities of trial preparation. *Id.*

The basis for Baker's allegation that the officers could not have identified him during the controlled buy was his statement that he enlisted a friend to take photographs at the site from various distances and the friend had reported to him that he was unable to identify a person in the vehicle from even relatively short distances. As the district court noted in its second notice of intent to dismiss, however, this evidence was inadmissible hearsay, and to survive summary dismissal, a petition must be accompanied by *admissible evidence* supporting its allegations. *See Wolf*, 152 Idaho at 67, 266 P.3d at 1172.

5

Further, in addition to asserting that officers could not have identified him as participating in the controlled buy, Baker also contended that he was entrapped into participating in the buy and that he communicated this to counsel. Logically, these are incompatible defenses--if Baker claims entrapment, he is admitting that he was present at the buy, and therefore the officers' identification of him would be immaterial. This is just one of many possible reasons counsel may not have investigated the ability of the officers to identify him. As the district court pointed out, "'[w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he or she did so for tactical reasons other than through sheer neglect.' *Suits v. State*, 143 Idaho 160, 164, 139 P.3d 762, 766 (Ct. App. 2006)." Baker does not carry his burden of overcoming that presumption here. Accordingly, the district court did not err by granting summary dismissal on this claim.

In regard to Baker's assertion that counsel failed to obtain information about the C.I., the district court also did not err by granting the State's motion for summary dismissal. As the State points out, Baker does not assert how this evidence would have changed counsel's advice regarding whether Baker should enter a guilty plea or that Baker would have declined to accept the State's plea agreement if he had access to the information. That a confidential informant involved in the criminal milieu had a pending criminal charge is certainly not uncommon, and Baker fails to explain how this fact would have, if at all, changed counsel's advice or Baker's decision to plead guilty. Given that the court is not required to accept a petitioner's mere conclusory allegations, the court did not err by determining Baker did not present a genuine issue of material fact on this claim.

### 2. Failure to challenge restitution award

Baker also contends his trial counsel was ineffective for failing to challenge the restitution award. He appears to assert it was unlawful for the district court to order him to pay restitution associated with a dismissed charge, and thus counsel was ineffective for failing to object to the award.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if

6

pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Boman*, 129 Idaho at 526, 927 P.2d at 916.

Here, the terms of the plea agreement Baker entered explicitly permitted the State to seek restitution in regard to the dismissed methamphetamine charge. Idaho law permits courts to, with the consent of the parties, order restitution for underlying crimes even if they have not been adjudicated or are not before the court. I.C. § 19-5304(9). Thus, any challenge to the award on this basis would not have been successful. In addition, as the district court pointed out, Baker did not submit any evidence that the amount of the award was unreasonable. Accordingly, the district court did not err by determining there was no genuine issue of material fact in regard to this claim.

### 3. Coercion to plead guilty

Baker contends his trial counsel was ineffective for coercing him to plead guilty. The United States Supreme Court, addressing the issue of counsel's advice prior to a defendant's decision to plead guilty, has stated:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt? . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.
>
> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

*McMann v. Richardson*, 397 U.S. 759, 769-70 (1970). *See also Dunlap*, 141 Idaho at 60-61, 106 P.3d at 386-87.

The district court determined Baker did not carry his burden with respect to this claim, noting that he had not submitted any evidence that counsel was ill-prepared or untrained in the law such that any advice to plead guilty was based on an objective deficiency. Further, as the State points out, Baker entered into a favorable plea agreement by which a felony possession

charge and two sentencing enhancements were dismissed, and he has not shown that the State's case against him was weak or there were other relevant factors that would render counsel's advice that he enter into the agreement objectively deficient. Again, noting that the district court is not required to accept a petitioner's mere conclusory allegations, the court here did not err by determining Baker did not present a genuine issue of material fact on this claim.

**B.** *Brady* **Claims**

Baker also asserts the district court erred by granting summary dismissal of his claims that the State committed several violations pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963). These claims were that the State failed to disclose an unredacted version of the audio recording of the controlled buy and failed to disclose that the C.I. had a pending criminal charge and agreement with the State to participate in Baker's case.

Due process requires all material exculpatory evidence known to the State or in its possession be disclosed to the defendant. *Brady*, 373 U.S. at 87; *Dunlap*, 141 Idaho at 64, 106 P.3d at 390. *See also* I.C.R. 16(a). There are three essential components of a true *Brady* violation. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Dunlap*, 141 Idaho at 64, 106 P.3d at 390. First, the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching. *Dunlap*, 141 Idaho at 64, 106 P.3d at 390. Evidence is exculpatory if it tends to clear an accused of alleged guilt, excuses the actions of the accused, or tends to reduce punishment. *State v. Gardner*, 126 Idaho 428, 433, 885 P.2d 1144, 1149 (Ct. App. 1994). Next, the evidence must have been suppressed by the State, either willfully or inadvertently. *Dunlap*, 141 Idaho at 64, 106 P.3d at 390. Finally, prejudice must have ensued. *Id*. Prejudice occurs if there is a reasonable probability that, had the withheld evidence been disclosed to the defense, the result of the proceeding would have been different. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). A "reasonable probability" of a different result is shown when the government's suppression of evidence undermines confidence in the outcome of the trial. *United States v. Bagley*, 473 U.S. 667, 682 (1985); *Gardner*, 126 Idaho at 436, 885 P.2d at 1152.

On a *Brady* challenge to a guilty plea, the test of materiality (*i.e.*, prejudice) is whether there is a reasonable probability that, but for the State's failure to produce the information, the defendant would not have entered the plea but instead would have insisted on going to trial. *Roeder v. State*, 144 Idaho 415, 418, 162 P.3d 794, 797 (Ct. App. 2007). We employ an

8

objective assessment, based in part on the persuasiveness of the withheld information, as to whether the particular defendant and his counsel would have insisted on going to trial. *Id.* at 418-19, 162 P.3d at 797-98. This inquiry is similar to the prejudice analysis in an ineffective assistance of counsel claim where the defendant's chances of success at trial--in the absence of counsel's errors--is a factor a court may use when determining the plausibility of the defendant's claim that those errors played a significant role in the decision to plead guilty. *Id.* at 419, 162 P.3d at 798.

### 1. Audio recording of controlled buy

Baker's assertion that the audio recording submitted by the State was redacted is based on the affidavit of Jason Whitaker, whom Baker asserts was the C.I.'s roommate. Whitaker stated that he saw his roommate's vehicle in a parking lot, presumably on the date and at the location of the controlled buy, and stopped to "make sure everything was okay." Whitaker stated that as he pulled up, the C.I. was approaching the car and Whitaker "jumped out to make sure everything was ok." He then asserted that "everything must [have] been okay because I don't remember anything." Baker asserts that this contact occurred after he sold the drugs to the C.I., but before the C.I. turned the drugs over to law enforcement, and was not included on the recording of the buy turned over by the State.

Baker asserts that Whitaker's contact with the C.I. "caused 'third party contamination' of a controlled buy, tainting evidence by the contact of an uncontrolled person entering and exiting the scene." However, as the district court noted, Whitaker's affidavit contains no evidence indicating that Whitaker tampered with the drugs, and thus "[n]o evidence has been submitted that Whitaker's contact with the C.I. would have cleared the Petitioner of guilt, excused his actions or reduced his punishment." On this basis, the district court determined that Baker's assertion of taint was merely conclusory and he had not raised a genuine issue of material fact that the State redacted material, exculpatory evidence such that a reasonable defendant would have gone to trial had the evidence been known. We agree; the district court did not err by granting the State's motion for summary dismissal in regard to this claim.

### 2. Criminal record of confidential informant

Baker also contends the State committed a *Brady* violation by failing to disclose that the C.I. had a pending criminal charge and an agreement with the State in regard to his participation in Baker's case. As the State points out, however, *Brady* does not require the State to disclose

material *impeachment* information prior to entering into a plea agreement with a defendant. *Dunlap*, 141 Idaho at 64, 106 P.3d at 390. Evidence relating to the C.I.'s pending criminal charge and cooperation with the State is impeachment evidence because it goes to the credibility of the witness rather than the guilt or innocence of the defendant. *See State v. Marsh*, 141 Idaho 862, 868-69, 119 P.3d 637, 643-44 (Ct. App. 2004). Thus, the State was not required to disclose the evidence and the district court did not err by granting the summary dismissal motion as to this claim.

## C.     Discovery Request

Finally, Baker contends the district court erred by denying his various post-conviction requests for discovery. Discovery in post-conviction proceedings is allowed only with authorization by the court pursuant to I.C.R. 57(b), which states in relevant part, "the provisions for discovery in the Idaho Rules of Civil Procedure shall not apply to the proceedings unless and only to the extent ordered by the trial court." The decision to authorize discovery during post-conviction relief is a matter left to the sound discretion of the district court. *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). Unless discovery is necessary to protect a petitioner's substantial rights, the district court is not required to order discovery. *Id*. In order to be granted discovery, a post-conviction petitioner must identify the specific subject matter where discovery is requested and why discovery as to those matters is necessary to his or her petition. *State v. LePage*, 138 Idaho 803, 810, 69 P.3d 1064, 1071 (Ct. App. 2003).

Baker's argument to this Court regarding the district court's denial of his discovery requests consists of merely stating that the district court erred by refusing his requests. However as noted above, in order to be granted discovery, a petitioner must identify the specific subject matter where discovery is requested and why discovery as to those matters is necessary to his or her petition and discovery is not required unless it is necessary to protect a petitioner's substantial rights. On appeal, Baker fails to identify the discovery he requested and/or why it was necessary to support his petition or to protect his substantial rights. As such, we will not address the issue. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (holding that a party waives an issue on appeal if either argument or authority is lacking).

## III.

## CONCLUSION

The district court did not err by determining that there were no genuine issues of material fact in regard to Baker's claims of ineffective assistance of counsel and *Brady* violations. Additionally, Baker has not shown the district court erred by denying his discovery requests. The district court's order granting the State's motion for summary dismissal of Baker's post-conviction petition is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.