IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 40471/40472

KENT HALL,                                    )
                                              )    **2014 Opinion No. 20**
    **Petitioner-Appellant,**              )
                                              )    **Filed: March 17, 2014**
v.                                            )
                                              )    **Stephen W. Kenyon, Clerk**
STATE OF IDAHO,                               )
                                              )
    **Respondent.**                        )
                                              )

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment summarily dismissing post-conviction relief action, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

In these consolidated appeals, Kent Hall challenges the district court's decisions denying his requests for the appointment of counsel and granting summary dismissal of two petitions for post-conviction relief. We affirm.

## I.

## BACKGROUND

Hall's post-conviction actions stem from felony convictions in two cases in which he pleaded guilty to possession of methamphetamine with intent to deliver, I.C. § 37-2732(a)(1)(A), and delivery of methamphetamine, I.C. § 37-2732(a)(1)(A). This Court affirmed both judgments of conviction. *State v. Hall*, Docket No. 39676, 39677 (Ct. App. Nov. 28, 2012) (unpublished)

Hall filed identical petitions for post-conviction relief challenging his convictions in both cases. He alleged that his defense counsel was ineffective because counsel promised that if Hall pleaded guilty he would be placed in drug court and avoid prison; that the State failed to disclose

exculpatory evidence; and that his attorney was deficient in failing to file a motion to permit Hall to withdraw his guilty plea once his attorney discovered the exculpatory information. Hall requested appointment of counsel to represent him in the post-conviction actions.

The post-conviction court declined to appoint counsel and gave notice of intent to summarily dismiss the actions. Hall responded by requesting a continuance. That request was denied and judgments dismissing the cases were entered by the district court.

On appeal, Hall argues the district court erred in its disposition of two claims: (a) that his guilty plea was tainted because his attorney improperly promised Hall would receive a specific sentence; and (b) that the State failed to disclose exculpatory evidence concerning the mishandling of drugs at the Pocatello forensic laboratory. He argues that because these claims were not frivolous, the district court erred in denying Hall's motion for appointed counsel. He also contends that the district court erred in denying Hall's motion for a continuance to enable Hall to conduct discovery and that the district court should not have summarily dismissed these claims because Hall had submitted evidence supporting them.

## II.

## ANALYSIS

### A.    Denial of Appointed Counsel

We first consider Hall's assertion that the district court improperly refused to appoint counsel to represent Hall in these cases.

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner. I.C. § 19-4904. Counsel should be appointed if the petitioner is indigent, unless the court determines that the post-conviction proceeding is frivolous. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Plant v. State*, 143 Idaho 758, 761, 152 P.3d 629, 632 (Ct. App. 1997). In determining whether to appoint counsel pursuant to Section 19-4904, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *See Charboneau*, 140 Idaho at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims, however, are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). "If the court decides that the claims in the petition are frivolous, it should

2

provide sufficient notice regarding the basis for its ruling to enable the petitioner to provide additional facts, if they exist, to demonstrate the existence of a non-frivolous claim." *Hust v. State*, 147 Idaho 682, 684, 214 P.3d 668, 670 (Ct. App. 2009) (citing *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112; *Swader v. State*, 143 Idaho 651, 653-54, 152 P.3d 12, 14-15 (2007)). If, in response, the petitioner "alleges facts to raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity with counsel to properly allege the necessary supporting facts." *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. Otherwise, the court may deny the request for counsel and summarily dismiss the petition.

Hall's first claim was that his attorney falsely promised he would not go to prison, but would be accepted into drug court. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

The district court here held that Hall's plea colloquy and his responses on the guilty plea advisory form affirmatively negate the claim that his attorney promised a particular sentence. We agree. Given the record, Hall's allegation that his attorney promised that he would receive a certain sentence does not raise the possibility of a valid claim. First, in responding to a guilty plea questionnaire in each case, Hall affirmed that "no person had promised a special sentence, reward, favorable treatment or leniency with regard to his plea," which directly contradicts his present claims. Second, even assuming that the alleged promise was made, Hall cannot show prejudice. Hall was specifically informed by the sentencing court that the court could "impose upon you whatever sentence I feel is appropriate . . . I could impose upon you the maximum penalty, which in the possession of meth[amphetamine] with intent to deliver [case,] is not more than life." Hall indicated that he understood the scope of the sentencing court's discretion. Accordingly, even if counsel impermissibly made such a promise, the court disabused Hall of his

3

misunderstanding before he pleaded guilty and Hall could not have been prejudiced by the alleged deficiency of his attorney. Therefore, this post-conviction claim was frivolous, and the district court did not err in declining to appoint counsel to pursue this allegation.

Hall's second claim is spread over several pages of his pleadings. In the petition itself, Hall alleges that his attorney failed to "obtain and present obvious Brady/Giglio[1] materials." In his affidavit, he averred that "ISP forensic labs corrupted the alleged drug samples submitted in my case (see attached letters from ISP Major Kendrick Wills, Forensic services commander) and thus violated my right to due process." The scope of this claim is ambiguous in two ways. First, the general nature of the claim is not clearly set forth. The district court treated the claim primarily as an ineffective assistance of counsel claim and analyzed it accordingly. On appeal, Hall treats this as a claim that the State violated its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963) to disclose exculpatory evidence, and not as an ineffective assistance of counsel claim. Both interpretations of the claim are reasonable ones.

Hall argues that the post-conviction court's rationale for finding this claim frivolous when treating it as an ineffective assistance claim does not apply to a *Brady* claim. He argues that if it is treated as a *Brady* claim, the post-conviction court erred by dismissing the claim before counsel was appointed to represent Hall. For disposition of this issue, we will assume that Hall is correct in his contention that this claim should not have been treated as an ineffective assistance of counsel claim. However, the precise nature of the claim remains ambiguous. Two alternative readings are possible. Hall's affidavit asserts that "ISP forensic labs corrupted the alleged drug samples submitted in my case"; but apparently as evidence of the corruption, he cites letters from ISP officials indicating only that ISP officials "maintained an ongoing unauthorized quantity of controlled narcotics for display purposes" and "intentionally hid the unauthorized 'display drugs' from auditors." While the letters disclose misconduct by lab personnel, they present no information suggesting that the samples in Hall's case were "corrupted." Thus, Hall's pleadings may be alleging only that the State committed a *Brady* violation by failing to disclose the policy violations described in the letters, or he may be alleging some specific mishandling of the drug samples in his case. We consider both possibilities in turn.

---

[1]     It is apparent that this is a reference to the United States Supreme Court's decisions in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

A criminal defendant claiming a right to relief under *Brady* must show three components: that the evidence at issue is favorable to the accused because it is either exculpatory or impeaching; that the evidence was suppressed by the State, either willfully or inadvertently; and that the evidence was material because there is a reasonable probability that its disclosure to the defense would have led to a different result. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *State v. Shackleford*, 150 Idaho 355, 380, 247 P.3d 582, 607 (2010); *State v. Branigh*, 155 Idaho 404, 422, 313 P.3d 732, 750 (Ct. App. 2013).

No possibility of a valid *Brady* claim exists as to the policy violations regarding the display drugs described in the letters attached to Hall's petition. Assuming, but not deciding, that the State was obligated to disclose these policy violations pursuant to the first and third components of *Brady*, the record shows that the State *did* repeatedly disclose the violations. In its first discovery response in Hall's criminal cases, the State disclosed the information on June 17, 2011. Thereafter, on June 24, 2011, the State reiterated its disclosure. Hall did not plead guilty until December 14, 2011. Because the information was disclosed, any *Brady* claim predicated on these policy violations is disproven by the record and meritless. The district court correctly denied appointment of counsel for this claim.

Hall's other possible *Brady* claim is a conclusory allegation that ISP affirmatively "corrupted" the drug samples in his cases. One of the grounds stated by the district court for rejecting this claim and finding it frivolous was that a guilty plea "waives all challenges to nonjurisdictional defects." Hall correctly points out that this analysis was not correct. A guilty plea does not waive some types of *Brady* violations of which the defendant was unaware at the time of the plea. In *State v. Gardner*, 126 Idaho 428, 433 n.6, 885 P.2d 1144 n.6, 1149 (Ct. App. 1994), we held that "our past statements that a guilty plea inherently waives all nonjurisdictional defects and defenses are overbroad." *Id.* We then reviewed a post-guilty-plea *Brady* claim. *Id.* In *Roeder v. State*, 144 Idaho 415, 162 P.3d 794 (Ct. App. 2007), we described the standard of review for *Brady* claims raised after a guilty plea:

> On a *Brady* challenge to a guilty plea, the test of materiality (*i.e.*, prejudice) is whether there is a reasonable probability that, but for the state's failure to produce the information, the defendant would not have entered the plea but instead would have insisted on going to trial. *Gardner*, 126 Idaho at 436, 885 P.2d at 1152. We employ an objective assessment, based in part on the persuasiveness of the withheld information, as to whether the particular defendant and his counsel would have insisted on going to trial. *Gardner*, 126 Idaho at 436,

885 P.2d at 1152. This inquiry is similar to the prejudice analysis in an ineffective assistance of counsel claim where the defendant's chances of success at trial--in the absence of counsel's errors--"is a *factor* a court may use when determining the plausibility of the defendant's claim that those errors played a significant role in the decision to plead guilty." *See McKeeth v. State*, 140 Idaho 847, 852, 103 P.3d 460, 465 (2004) (emphasis in original); *Gardner*, 126 Idaho at 436 n.9, 885 P.2d at 1152 n.9.

*Roeder*, 144 Idaho at 418-19, 162 P.3d at 797-98.

The erroneous waiver analysis was not, however, the only basis stated by the district court for denying appointment of counsel and dismissing this claim. The district court also noted that the letters attached to Hall's affidavit, which disclosed the misconduct at the forensic lab, did not support his claim of mishandling of the samples in his case. The court's notice stated:

Hall has failed to show how the incidents at the lab are remotely relevant to the testing of the drugs in Hall's case. In short, the potential *Brady/Giglio* material identified in the attachments to the petition is not evidence that there was any actual contamination related to Hall's case. Finally, Hall's conclusory allegations to the contrary are not supported by any evidence.

Hall's response to this notice did not present even a scintilla of evidence that the samples in his own case were mishandled.

We agree with the district court that Hall did not demonstrate even the possibility of a valid claim that his own drug samples were corrupted, and he therefore has not demonstrated error in the district court's refusal to appoint counsel. We acknowledge the threshold showing that will necessitate appointment of counsel for a post-conviction petitioner is low, requiring only that the petitioner allege "facts to give rise to the possibility of a valid claim," *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. Nevertheless, where that threshold is not met even after the court has notified the petitioner as to why the claim is deemed frivolous and the petitioner has had an opportunity to provide additional information, the request for appointment of counsel may be denied. *Id.*; *Swader*, 143 Idaho at 654, 152 P.3d at 15. Specifically, we conclude that the *Charboneau* standard for appointment of counsel is not met in circumstances where: (a) the claim is conclusory and based upon alleged facts that are not or could not possibly be within the petitioner's personal knowledge, and no source of such information is indicated; (b) the district court has given notice that the petitioner's claim is inadequate because it is conclusory and not supported by any evidence; and (c) after receiving such notice from the trial court, the petitioner still fails to present a response indicating a source of information or basis of knowledge that,

6

with the assistance of counsel, might develop into evidence that would substantiate the conclusory allegation.[2]  In such circumstances, the claim is properly deemed frivolous and appointment of counsel is unwarranted.

The record here shows that Hall's claim that "ISP forensic labs corrupted the alleged drug samples submitted in my case," is a conclusory allegation based upon subject matter of which Hall could not possibly have direct, personal knowledge.  The letters reporting misconduct at the laboratory in Pocatello provide no factual support for this claim that Hall's drug samples were mishandled.  The district court notified Hall of these shortcomings and gave him an opportunity to present facts, if they existed, to demonstrate that this claim was more than a frivolous, speculative, conclusory allegation, but Hall did not do so.  He did not cite any source of information as the basis of this allegation nor allege facts showing even a possibility that, with the assistance of counsel, he could present evidence of a valid claim.  Therefore, his request for appointment of counsel was correctly denied.

## B.     Denial of the Motion for a Continuance

After the post-conviction court issued its notice of intent to deny counsel and dismiss the petition, Hall filed a motion for a continuance.  The continuance was sought because Hall was "in the process of preparing and serving subpoenas duces tecum upon the Idaho State Police Forensic Laboratory to obtain the investigative report that will support my contentions of boched [sic] testing of the alleged narcotics."  The district court denied the requested continuance and dismissed the action.  On appeal, Hall contends it was error for the court to disallow a continuance for Hall to conduct discovery.

The decision to grant or deny a motion for a continuance is vested in the sound discretion of the trial court.  *State v. Payne*, 146 Idaho 548, 567, 199 P.3d 123, 142 (2008); *State v. Wood*, 132 Idaho 88, 106, 967 P.2d 702, 720 (1998).  In order to prevail on appeal, the petitioner must show that the trial court abused its discretion and that his substantial rights have been prejudiced. *Payne*, 146 Idaho at 567, 199 P.3d at 142.

Likewise, the decision to authorize discovery in a post-conviction case "is a matter directed to the discretion of the trial court."  *Murphy v. State*, 143 Idaho 139, 148, 139 P.3d 741, 750 (Ct. App. 2006); *see also* I.C.R. 57(b) ("The provisions for discovery in the Idaho Rules of

---

[2]     We are not saying that the petitioner must respond with *admissible* evidence; the assistance of counsel may be necessary to procure that.

Civil Procedure shall not apply to [post-conviction] proceedings unless and only to the extent ordered by the trial court."). A trial court is not required to order discovery in a post-conviction action unless it is necessary to protect the petitioner's substantial rights. *Murphy*, 143 Idaho at 148, 139 P.3d at 750; *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992).

Because Hall's motion for a continuance amounted to a request for discovery, he can show error only if he demonstrates that his substantial rights were prejudiced by the disallowance of discovery. Discovery may be denied where the post-conviction petitioner's claims are nothing more than speculation, unsupported by any evidence. *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). A court is not required to permit a petitioner to engage in "fishing expedition" discovery because a post-conviction action "provides a forum for known grievances, not an opportunity to research for grievances." *Murphy*, 143 Idaho at 148, 139 P.3d at 750.

The *Raudebaugh* case exemplifies circumstances where a post-conviction petitioner's request for discovery is properly denied. Raudebaugh had been convicted of second degree murder for a stabbing death, but the State's expert did not find any fingerprints on the murder weapon. In his post-conviction action, Raudebaugh requested discovery to enable an independent lab to search for fingerprints on the knife, but he made no showing that the State's testing was flawed or that there existed new technology that would make new testing more reliable. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. On those facts, the Idaho Supreme Court stated that because Raudebaugh's allegations were only speculative, the district court did not abuse its discretion in dismissing the case without authorizing discovery. *Id.*

This case is analogous to *Raudebaugh* and the same result applies. As noted above, Hall has proffered no evidence that the drug-testing procedures in this case were deficient; rather, his allegations are conclusory and speculative. Hall is not seeking evidence to prove a known grievance, but requesting an opportunity to search for a grievance. Because Hall's request for discovery was merely a request to conduct a fishing expedition in the hope of finding something to support a purely speculative claim, no substantial right was prejudiced by the denial of his motion for a continuance. Therefore, he has shown no error on appeal.

## C.     Dismissal of Claims

Lastly, Hall argues that it was error for the court to summarily dismiss his claims. Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the

pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). Post-conviction claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy*, 143 Idaho at 145, 139 P.3d at 747; *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996).

Hall has shown no error in the summary dismissal. As explained above, Hall's allegations that his counsel misled him concerning the sentences that would be received and that he was prejudiced thereby are disproven by the record in the criminal cases, and his claim of a *Brady* violation is either disproven by the record (if predicated upon the State's alleged failure to disclose policy violations at the Pocatello laboratory) or is based on nothing but speculation and unsupported by any evidence (if it is a claim that Hall's own drug samples were mishandled). Therefore, summary dismissal was appropriate.

### III.

### CONCLUSION

For the reasons stated above, the district court's orders denying appointed counsel and denying a continuance, and the judgment summarily dismissing Hall's post-conviction petition, are affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

9