**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50362**

| | |
|---|---|
| THADDEUS JAMES COLLETT, | ) |
| | ) **Filed: July 31, 2024** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Thaddeus James Collett appeals from a judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement in his underlying criminal case, Collett pled guilty to sexual abuse of a child. I.C. § 18-1506(1). In exchange for his guilty plea, the State dismissed additional charges. At the change of plea hearing, the trial court informed Collett of the rights he was waiving by pleading guilty, discussed the elements of the offense, and engaged in the following plea colloquy:

1

THE COURT: The State has promised to reduce this down to one felony, and other than that, has the State or anyone else promised you anything additional to get you to enter this plea?

[COLLETT]: No, sir.

. . . .

THE COURT: Has anyone threatened you in any way to get you to enter this plea?

[COLLETT]: No, Your Honor.

THE COURT: And as such, Mr. Collett, do you think you're entering this plea freely and voluntarily?

[COLLETT]: Yes, Your Honor.

Thereafter, the trial court placed Collett under oath and confirmed with him that he understood the potential maximum penalties of the offense and that the trial court was not bound by the parties' sentencing recommendations. While under oath, Collett further affirmed that he was entering into his guilty plea freely and voluntarily. Ultimately, the trial court accepted Collett's guilty plea and found he entered his guilty plea freely, voluntarily, knowingly, and intelligently.

Collett filed a timely pro se petition for post-conviction relief along with a supporting affidavit.[1] Relevant to this appeal, Collett asserted his guilty plea was not made knowingly or voluntarily because his trial counsel threatened Collett into entering the plea.[2] The State moved for summary dismissal and argued Collett's claim that his plea was involuntary was meritless and contradicted by the record. Collett did not respond to the State's motion; instead, Collett advised the district court that he relied on the allegation in his petition. Following a hearing on the State's motion, the district court concluded that it had complied with I.C.R. 11(c) during Collett's change of plea hearing and, as such, there was prima facie evidence that his guilty plea was valid. The district court also found that Collett failed to provide evidence showing his guilty plea was not entered freely and voluntarily. Accordingly, the district court granted the State's motion for summary dismissal and entered judgment dismissing Collett's petition. Collett appeals.

---

[1]    Later, Collett was appointed post-conviction counsel. Post-conviction counsel elected to proceed on Collett's pro se petition.

[2]    Collett's petition raised several claims for post-conviction relief, all of which the district court summarily dismissed. On appeal, Collett does not challenge the summary dismissal of any other claims.

2

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Collett argues the district court erred in summarily dismissing his petition for post-conviction relief because his claim that his guilty plea was involuntarily entered was supported by admissible evidence that raised a genuine issue of material fact. Collett further asserts his statements from the change of plea hearing that contradict his claim for post-conviction relief are not entitled to a rebuttable presumption of verity. The State responds that the record and applicable law supports the district court's summary dismissal of Collett's petition. The State further disputes Collett's assertion that the rebuttable presumption of verity does not apply. Because Collett was placed under oath when he confirmed to the trial court that his guilty plea was freely and knowingly entered, we need not address whether the rebuttable presumption of verity applies. Additionally, we hold that Collett has failed to show the district court erred when it summarily dismissed his petition for post-conviction relief.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction

3

relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Statements made during a plea colloquy or in a guilty plea form carry a strong presumption of verity that the petitioner has the burden of overcoming in a subsequent post-conviction proceeding. *Hernandez v. State*, 171 Idaho 663, 667, 525 P.3d 318, 322 (2023). As the Idaho Supreme Court explained in *Hernandez*, in order to rebut the presumption of verity, a post-conviction petitioner "may rebut prior statements made under oath, but only when the statement made repudiating the prior statement is not patently frivolous or

4

false when viewed against the record of the plea hearing." *Id.* at 668, 525 P.3d at 323. In general, such allegations must be supported by specific evidence, must include more than the statement of the petitioner, and must make a prima facie case as to each essential element of the petitioner's claims. *Id.*

Collett asserts the district court erred in summarily dismissing his petition because "he presented admissible evidence sufficient to raise a question of material fact as to whether his guilty plea was involuntarily entered." Specifically, Collett alleges his trial counsel "made a verbal threat to him that coerced him into pleading guilty." In the affidavit supporting his petition for post-conviction relief, Collett contends that on the day of his change of plea hearing he asked his trial counsel whether it was too late to reject the purported plea agreement. Collett asserts his trial counsel answered that it was too late and that if Collett "did not take the plea deal" and "made her look bad in front of her friend," the prosecutor, she would "make sure [he] was found guilty and got a sentence of life plus 45 years in prison." Collett argues that, because his petition and his supporting affidavit were verified and contained these assertions that were within his personal knowledge, the district court erred in summarily dismissing his petition. Collett's argument fails.

Collett's post-conviction claim that his trial counsel coerced him into entering his guilty plea is belied by his statements during the change of plea hearing. During the plea colloquy, the district court asked Collett whether anyone had threatened him into entering his plea; Collett replied, "No, Your Honor." The district court then asked Collett whether he felt he was entering his guilty plea freely and voluntarily; Collett responded, "Yes, Your Honor." Thereafter, Collett was placed under oath and the trial court again asked whether Collett was entering his guilty plea freely and voluntarily. While under oath, Collett answered, "Yes." The statements, made under oath, have a presumption of verity and disprove Collett's assertions that his guilty plea was involuntary. We are not persuaded by Collett's argument that the statements he made in the context of his guilty plea are not entitled to the presumption of verity because he was not specifically asked whether he was coerced once placed under oath. Collett's sworn statement, reaffirming his unsworn statements, that he was pleading guilty freely and voluntarily encompassed his unsworn acknowledgment that his guilty plea was not the subject of coercion.

Moreover, Collett did not overcome the presumption of verity. Although Collett averred in his supporting affidavit that trial counsel verbally threatened him into entering his guilty plea,

he did not allege facts supporting this conclusory assertion. Collett's bare, conclusory assertion that he was coerced into entering his guilty plea is insufficient to entitle him to an evidentiary hearing on the allegation. *See Hernandez*, 171 Idaho at 668, 525 P.3d at 323; *see also West v. State*, 123 Idaho 250, 252, 846 P.2d 252, 254 (Ct. App. 1993) (observing that a petitioner is not entitled to an evidentiary hearing on conclusory allegations without supporting facts). Collett has failed to show the district court erred in summarily dismissing his petition.

## IV.

## CONCLUSION

Collett has failed to show error in the district court's summary dismissal of his claim that his guilty plea was not made voluntarily. Accordingly, the judgment summarily dismissing Collett's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.